**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HAROLD MARIN,<br><br>　　　　　Petitioner,<br>　v.<br>CALVIN JOHNSON,[1] *et al.*,<br><br>　　　　　Respondents. | Case No. 2:22-cv-00862-GMN-EJY<br><br>**ORDER** |

Petitioner Harold Marin ("Petitioner") filed a *pro se* federal habeas corpus petition under 28 U.S.C. § 2254 (ECF No. 1-1). As directed by this Court's order of July 7, 2022, Petitioner timely paid the filing fee. (ECF Nos. 3; 4.) Thus, the Clerk will be ordered to file Petitioner's habeas petition (ECF No. 1-1) and motion for appointment of counsel (ECF No. 1-2).

The Court has conducted initial review of the habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The petition will be served upon the respondents and will require a response.

There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue habeas relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* § 3006A(a)(2) (authorizing appointment of counsel "when the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*,

---

[1] According to the state corrections department's inmate locator page, Marin is incarcerated at High Desert State Prison. The department's website reflects that Calvin Johnson is the warden for that facility. https://doc.nv.gov/Facilities/HDSP_Faciltiy/. https://ofdsearch.doc.nv.gov/form.php The Court will therefore direct the clerk to substitute Calvin Johnson for respondent Brian Williams, under, *inter alia*, Rule 25(d) of the Federal Rules of Civil Procedure.

1

1   623 F.2d 54, 61 (9th Cir. 1980).

2       The Court finds Petitioner is unable able to afford counsel and the appointment of counsel
3   is justified based on the lengthy sentence structure and the complexity of the issues and potential
4   procedural obstacles presented in the petition. *See* ECF No. 1-1. The Court will therefore grant
5   Petitioner's motion for appointment of counsel.

6       IT IS THEREFORE ORDERED that the Clerk of the Court file the petition.

7       IT FURTHER IS ORDERED that Petitioner's motion for appointment of counsel (ECF No.
8   1-2) is GRANTED. The Federal Public Defender is provisionally appointed to represent petitioner
9   in all proceedings related to this matter, including any appeals or certiorari proceedings, unless
10  allowed to withdraw.

11      IT FURTHER IS ORDERED that the Federal Public Defender must, within 30 days from
12  the date that this order is entered, undertake direct representation of Petitioner or indicate to the
13  Court the inability to represent Petitioner in these proceedings. If the Federal Public Defender is
14  unable to represent Petitioner, then the court will appoint alternate counsel.

15      IT FURTHER IS ORDERED that neither the foregoing deadline nor any extension thereof
16  signifies or will signify any implied finding of a basis for tolling during the time period established.
17  At all times, Petitioner remains responsible for calculating the running of the federal limitation
18  period under 28 U.S.C. § 2254(d)(1) and timely asserting claims. That is, by setting a deadline to
19  amend the petition and/or by granting any extension thereof, the Court makes no finding or
20  representation that the petition, any amendments thereto, and/or any claims contained therein are
21  not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013);

22      IT FURTHER IS ORDERED that the Clerk of the Court add Aaron D. Ford, Attorney
23  General for the State of Nevada, as counsel for Respondents.

24      IT FURTHER IS ORDERED that Respondents' counsel must enter a notice of appearance
25  within 20 days of entry of this order, but no further responses will be required from Respondents
26  until further order of the Court.

27      IT FURTHER IS ORDERED that, notwithstanding Local Rule LR IC 2-2A(g) paper copies
28  of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless

1 later directed by the Court.

2     IT FURTHER IS ORDERED that the Clerk of the Court shall SEND a copy of this order
3 to Petitioner, Respondents, the Federal Public Defender, and the CJA Coordinator for this Division.

4     It IS FURTHER ORDERED THAT the Clerk of the Court shall substitute Calvin Johnson
5 for respondent Brian Williams.

6     DATED THIS 23 day of August 2022.

7

8                                   GLORIA M. NAVARRO
                                  UNITED STATES DISTRICT JUDGE