# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| HAROLD MARIN,<br><br>          Petitioner,<br>v.<br><br>CALVIN JOHNSON, et al.,<br><br>          Respondents. | Case No. 2:22-cv-00862-GMN-EYJ<br><br>**ORDER** |

Petitioner Harold Marin ("Marin") filed a *pro se* federal habeas corpus petition under 28 U.S.C. § 2254 (ECF No. 6). The Federal Public Defender for the District of Nevada appeared on Marin's behalf on September 1, 2022 (ECF Nos. 5; 9). Respondents have also appeared. (ECF No. 8). This matter is before the Court on Marin's Motion for Leave to File a First Amended Protective Petition (ECF No. 10) and Motion for Scheduling Order (ECF No. 11). Respondents do not oppose the motions. (ECF No. 12.)

Marin represents that based on his calculation of the limitations period, and out of an abundance of caution, he seeks leave to promptly file a protective first amended petition to ensure all of the claims he previously raised in state court are adequately presented to this Court. (ECF Nos. 10; 11.) The proposed first amended petition is compiled nearly verbatim from Marin's appellate briefs in his direct and post-conviction appeals. As a scheduling order is yet to be entered, Marin requests the forthcoming scheduling order allow him to file a second amended petition that will reflect counsel's thorough review, investigation, and research.

Marin's motions seek to pursue a "two-step" procedure whereby Marin: (a) files an initial counseled amended petition preserving all then-known claims potentially free of possible relation-back or timing issues; and (b) thereafter potentially files a second amended petition after federal habeas counsel has had a full opportunity to independently investigate all potential claims. *See, e.g., McMahon v. Neven*, Case No. 2:14-cv-00076-APG-CWH, ECF No. 29 (D. Nev. May 29, 2014) (approving and explaining the court's rationale in allowing a bifurcated amendment procedure in habeas cases where the limitation period may expire before federal habeas counsel would be able to conduct a complete investigation). The Court expresses no

1

opinion as to the putative expiration date of the limitations period in this case but finds Marin has shown good cause to utilize the two-step procedure.

**IT IS THEREFORE ORDERED:**

1. The Federal Public Defender, through Jonathan Kirshbaum, is formally appointed as counsel for Marin pursuant to 18 U.S.C. § 3006A(a)(2)(B). Counsel will represent Marin in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

2. Marin's Motion to File First Amended Petition (ECF No. 10) and Motion for Scheduling Order (ECF No. 11) are GRANTED.

3. The Clerk of Court is directed to FILE the First Amended Petition (ECF No. 10).

4. If necessary, Marin must file a second amended petition for writ of habeas corpus within 90 days after entry of this Order. The second amended petition must specifically state whether each ground for relief has been exhausted in state court. For each claim that has been exhausted in state court, the amended petition must state how, when, and where, the claim was exhausted. If Marin determines a second amended petition need not be filed, then, within 90 days after entry of this Order, Marin must file a notice to that effect.

5. Respondents will have 90 days following the filing of a second amended petition to file an answer or other response to the second amended petition. If Marin does not file a second amended petition, Respondents will have 90 days following the due date for the second amended petition to file an answer or other response to the original petition. In any answer filed on the merits, Respondents shall specifically cite to and address the applicable state court's written decision and state court's record materials, if any, regarding each claim within the response to that claim.

6. Marin will have 60 days following the filing of an answer to file a reply. Respondents will thereafter have 30 days following the filing of a reply to file a response to the reply.

7. If Respondents file a motion to dismiss, Marin will have 60 days following the filing of the motion to dismiss to file a response to that motion. Respondents will thereafter have 30 days following the filing of the response to file a reply.

8. If Marin wishes to move for leave to conduct discovery, Marin must file such motion concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer.  Any motion for leave to conduct discovery filed by Marin before that time may be considered premature, and may be denied, without prejudice, on that basis.  Respondents must file a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Marin's reply.  Thereafter, Marin will have 20 days to file a reply in support of the motion for leave to conduct discovery.

9. If Marin wishes to request an evidentiary hearing, Marin must file a motion for an evidentiary hearing concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer.  Any motion for an evidentiary hearing filed by Marin before that time may be considered premature, and may be denied, without prejudice, on that basis.  The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required and must meet the requirements of 28 U.S.C. § 2254(e).  The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record.  If Marin files a motion for an evidentiary hearing, Respondents must file a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Marin's reply.  Thereafter, Marin will have 20 days to file a reply in support of the motion for an evidentiary hearing.

10. All procedural defenses raised by Respondents, including exhaustion, must be raised in a single consolidated motion to dismiss.  The Court does not wish to address any procedural defenses in seriatim fashion in multiple successive motions to dismiss.  Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.  Respondents shall not file a response that consolidates their procedural defenses, if any, with their responses on the merits, except under 28 U.S.C § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If Respondents seek dismissal of unexhausted claims under § 2254(b)(2) they must: (a) do so within the single motion to dismiss and

not in the answer; and (b) specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).

11. The parties must redact personal-data identifiers in all documents filed with the Court as required by LR IC 6.  Any state court record and related exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and be filed with a separate index of exhibits identifying the exhibits by number.  The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (e.g., ECF No. 10).  Each exhibit must then be filed as "attachments" to the base document—i.e., the index—to receive a sequenced sub-docket number (e.g., Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth).  If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).  Paper copies of any exhibits over 50 pages—for this case—must be appropriately bound, tabbed, and delivered to the Las Vegas Clerk's office. *See* LR IA 10-3(i); LR IC 2-2(g).  Courtesy copies must be addressed to the attention of "Staff Attorney" on the mailing address label.

Dated: September 16, 2022

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE