UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HAROLD MARIN, | Case No. 2:22-cv-00862-GMN-EJY |
| Petitioner, | |
| v. | ORDER |
| BRIAN WILLIAMS, et al., | |
| Respondents. | |

  This habeas action is brought by Petitioner Harold Marin under 22 U.S.C. § 2254. Respondents filed a Motion to Dismiss (ECF No. 35) Ground 4(A) alleged in Marin's Second Amended Petition (ECF No. 27) as unexhausted. Marin filed an unopposed Motion to Stay (ECF No. 36) this federal habeas proceeding while he exhausts Ground 4(A) in state court. Also before the Court is Marin's Motion for Leave to File Exhibits Under Seal (ECF No. 28). For the reasons discussed below, Respondents' Motion to Dismiss is denied without prejudice. Marin's Motion to Stay and Motion for Leave to File Exhibits Under Seal are granted.

**I. Background**

  Marin challenges a 2015 state court conviction of First-Degree Murder. ECF No. 14-3. The state court sentenced Marin to a term of 20 to 50 years. *Id*. The Nevada Supreme Court affirmed his conviction on appeal. ECF No. 14-4. Marin filed a state habeas Petition, which the state court denied. ECF Nos. 14-9, 14-10, 14-12. The Nevada Court of Appeals affirmed the denial of relief. ECF No. 14-15.

  Marin initiated this federal habeas proceeding *pro se*. ECF No. 1. Following appointment of counsel, Marin filed his First and Second Amended Petitions. ECF Nos. 10-1, 27. Marin included Ground 4(A) in his Second Amended Petition, which asserts a new claim based on new evidence. ECF 27 at 23-30. Respondents move to dismiss Ground 4(A) as unexhausted as well as certain claims as not cognizable in federal habeas. ECF No. 35.

///

## II. Discussion

### a. Motion to Stay

Marin appears to concede that he raises Ground 4(A) in his Second Amended Petition for the first time. ECF No. 36 at 2. Marin is currently presenting Ground 4(A) in state court in addition to evidence never considered by the state court. *Id*. Marin requests that the Court stay his federal habeas case while he exhausts Ground 4(A) in state court.

A district court is authorized to stay a petition in "limited circumstances" to allow a petitioner to present unexhausted claims to the state court. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The *Rhines* Court further held that a district court would likely abuse its discretion by denying a stay and dismissing a mixed petition "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

The Ninth Circuit has acknowledged that the *Rhines* "good cause" standard does not require "extraordinary circumstances." *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008); *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005). This Court has declined to prescribe the strictest possible standard for issuance of a stay. *E.g.*, *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210 (D. Nev. 2006). "[G]ood cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Id.* Ineffective assistance of post-conviction counsel or a lack of counsel can constitute good cause. *Blake v. Baker*, 745 F.3d 977, 982–83 (9th Cir. 2014); *Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017) (a "statement that 'there was no counsel' in [the petitioner's] state post-conviction case is sufficient to establish good cause") (quoting *Martinez*, 566 U.S. at 17).

The Court finds that Marin has established good cause exists for his failure to exhaust in state court. The state court granted Marin an evidentiary hearing on his second state habeas Petition, which is currently scheduled for May 31, 2024. The state court's grant of an evidentiary hearing raises the possibility that Marin may be able to overcome any procedural bars and/or he may be able to develop new evidence in state court related to his claims. The

proceedings in Marin's ongoing state habeas action may have a substantial impact on his claims in his federal habeas action. The Court further finds that the unexhausted grounds are not "plainly meritless," and that Marin has not engaged in intentionally dilatory litigation tactics. Accordingly, the Court will grant Marin's Motion to Stay.

### b. Motion for Leave to File Exhibits Under Seal

Petitioner seeks leave to seal the victim's medical records, Consultation Report: Forensic Pathology by Dr. Evans Matshes, Exhibit 15 and Declaration of Records, Exhibit 16. The need to protect medical privacy generally qualifies as a "compelling reason" for sealing records. *E.g., Abbey v. Hawaii Employers Mut. Ins. Co. (HEMIC)*, 760 F.Supp.2d 1005, 1013 (D. Haw. 2010). Here, Exhibits 15 and 16 contain sensitive health information, including autopsy and coroner reports, toxicology reports, and photographs.

Having reviewed and considered the matter in accordance with *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the Court finds that a compelling need to protect the victim's medical privacy outweighs the public interest in open access to court records. Accordingly, Marin's Motion for Leave to File Exhibits Under Seal is granted, and Exhibits 15 and 16 (ECF Nos. 29-1, 29-2) are considered properly filed under seal.

### III. Conclusion

**IT IS THEREFORE ORDERED:**

1. Petitioner Harold Marin's Motion to Stay (ECF No. 36) is granted.
2. This action is STAYED pending exhaustion of Ground 4(A) in the Second Amended Petition. The stay is conditioned on Petitioner litigating his state petition or other appropriate proceeding in state court and returning to federal court with a motion to reopen within 45 days of issuance of the remittitur by the Supreme Court of Nevada or Nevada Court of Appeals at the conclusion of the state court proceedings.
3. The Clerk of the Court shall administratively close this action, until such time as the Court grants a motion to reopen the matter.
4. Respondents' Motion to Dismiss (ECF No. 35) is denied without prejudice to the

///

      reassertion of any and all defenses applicable following the stay.

5. The Court will reset the briefing schedule upon reopening the case and lifting the stay.

6. Petitioner's Motion for Leave to File Exhibits Under Seal (ECF No. 28) is granted. Exhibits 15 and 16 (ECF Nos. 29-1, 29-2) are considered properly filed under seal.

DATED: May 17, 2024

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE