# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

HAROLD MARIN,

Petitioner,

v.

BRIAN WILLIAMS, et al.,

Respondents.

Case No. 2:22-cv-00862-GMN-EJY

**ORDER**

This habeas action is brought by Petitioner Harold Marin under 22 U.S.C. § 2254. In March 2024, the Court granted Marin's motion to stay case pending litigation of his second state habeas Petition. ECF No. 39. In September 2025, the state appellate court issued remittitur. Marin now moves to reopen these federal habeas proceedings, and the respondents do not oppose. ECF Nos. 41, 43.

In addition, Marin requests leave to file a third amended Petition. ECF No. 42. During litigation of Marin's second state habeas Petition, the state district court conducted an evidentiary hearing, and Marin asserts that the evidence presented during the evidentiary hearing affect Ground 4(A) of his federal petition. *Id*. at 3. Respondents assert that amendment would be futile because Ground 4(A) is either unexhausted or defaulted. ECF No. 45. They further assert that amendment would prejudice Respondents because they have already dedicated resources to briefing a motion to dismiss the second amended Petition, and amendment would require additional resources and potential delay.

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be freely given "when justice so requires." "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). The Court "considers the following five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Natural Gas*

1

*Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (internal punctuation omitted).  "[D]elay alone—no matter how lengthy—is insufficient ground for denial of leave to amend." *Webb*, 655 F.2d at 980.

Although the Court acknowledges the delay caused by the amendment, such delay does not outweigh Marin's need in this habeas corpus action to assert his claims.  Moreover, there is no evidence of bad faith on Marin's part.  In addition, although the amended claim may be procedurally defaulted, such claim may nonetheless proceed if Marin makes the necessary showing to relieve the default.  Because motions seeking leave to amend should be liberally granted and Marin's proposed amendment is not necessarily futile, the Court finds good cause to grant Marin's motion to amend.  This order does not, however, affect, in any manner, the operation of the statute of limitations in this case, and the Court does not intend this order to convey any opinion whatsoever about when the limitations period expires (or expired).

The Court kindly directs the Clerk of the Court to file the third amended petition currently on the docket at ECF No. 42-1.

**IT IS THEREFORE ORDERED:**

1.  Petitioner Harold Marin's Motion to Reopen (ECF No. 41) is granted.  The stay is lifted, and the Clerk of the Court is kindly directed to reopen this case.

2.  Petitioner's Motion for Leave to File Document (ECF No. 42) is granted.

3.  The Court kindly directs the Clerk of the Court to file the third amended Petition currently on the docket at ECF No. 42-1.

4.  Respondents have 60 days from the date of entry this Order to answer, or otherwise respond to, the third amended Petition.  If a dispositive motion is filed, the motion shall be briefed pursuant to Rules 7-2 and 7-3 of the Local Rules of Practice.

5.  If Respondents file an answer, Marin has 30 days after service of the answer to file and serve a reply.

6.  Any procedural defenses Respondents raise in this case must be raised together in a single consolidated motion to dismiss.  Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.  Respondents will not file a response in

this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer, and specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, will be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

DATED:      April 3, 2026

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE